## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANGELICA ROMERO,

     **Plaintiff,**                                          Case No.:

v.

QUALITY RESOURCES, INC.,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELICA ROMERO, by and through her undersigned attorneys, pursuant to Title VII, 42 USC § 2000 and the Florida Civil Rights Act, hereby sues Defendant, QUALITY RESOURCES, INC., a Florida Corporation, and states the following:

### GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, attorney's fees and costs.

2. At all times material hereto, Plaintiff was an employee of Defendant, as defined in the Acts under which this action is brought.

3. At all times material hereto, Defendant was a corporation authorized and conducting business in the State of Florida under the name QUALITY RESOURCES, INC. At all times material hereto, Defendant employed over 20 employees and is an employer as defined in the Acts under which this action is brought.

4. The Court has jurisdiction over the subject matter and parties in this action.

5. All conditions precedent to bringing this action have occurred.

6.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the Charge is attached as Exhibit A.

7.     A notification of Right to Sue was received from the EEOC by Plaintiff and a copy thereof is attached as Exhibit B. This Complaint has been filed within ninety (90) days of receipt thereof.

8.     More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

9.     Plaintiff was employed with Defendant in the position of a customer service representative from January 1, 2012 to February 26, 2013.

10.     Beginning on or about January 10, 2012, Plaintiff was asked to audit phone calls to handle Spanish-speaking clients.

11.     After auditing a call by co-worker, Matthew Dewberry, Plaintiff found errors in his Spanish and, as instructed reported those.

12.     Following her reporting Matthew Dewberry, he made frequent discriminatory remarks, such as "There are Spanish calls on hold for the Mexican," and referred to Plaintiff as the "stupid Spic."

13.     Plaintiff emailed and met with the Director of Human Resources, Kraig Allen, about the situation, nothing was done and the comments continued.

14.     On or around January 15, 2013, Plaintiff's night supervisor, Jeremiah Cole, began making suggestive comments to Plaintiff, asking her personal questions and touching her inappropriately. He made comments to her, such as "while I was in the Army, one of the guys

told me he liked his wife to sit on his face while they had sex" and other sexually explicit comments. Plaintiff's workspace was immediately next to Jeremiah Cole's.

15.   Plaintiff told her day supervisor, Michelle Simmons, about the comments and how Jeremiah Cole made her feel uncomfortable. Plaintiff asked to be moved away from Jeremiah Cole.

16.   Michelle Simmons informed Jeremiah Cole of the Plaintiff's complaint and her request to be moved for him and left it up to him to address.

17.   Jeremiah Cole did move the Plaintiff but only one workspace away from him.

18.   After that Jeremiah Cole remained her supervisor and began retaliating by refusing to help Plaintiff with any questions or problems in her work. He stated he could not help her because he made her feel "uncomfortable" and that if she needed his help "she should not have asked to move".

19.   On or about February 25, 2013, Jeremiah Cole had an argument with a coworker, Corey Mix. Plaintiff tried to interrupt the argument to inform Jeremiah Cole that a customer wanted to speak with him.

20.   The argument between Jeremiah Cole escalated after Jeremiah Cole called Corey Mix, an African American, "nigger" several times. Plaintiff overheard these comments.

21.   On or about February 25, 2013, Jeremiah Cole suspended the Plaintiff for three days without pay for "causing a disruption".

22.   On or about February 26 2013, I called Kraig Allen in Human Resources to discuss her suspension.

23.   Plaintiff told Kraig Allen what happened and told him of Jeremiah Cole's use of "nigger" toward Corey Mix. Plaintiff was told that the matter was being looked into.

24.    On or about February 28, 2013, Plaintiff returned to work and was approached by Michelle Simmons and another supervisor who terminated the Plaintiff for the pretextual reason of causing a "disruption."

25.    Plaintiff was retaliated against and terminated for reporting sexual harassment and ethnic slurs to Human Resources.

## COUNT I – TITLE VII
## SEXUAL HARASSMENT

26.    Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1- 25 above, as though fully set forth herein.

27.    Plaintiff is a member of a protected class.

28.    The aforementioned actions by Jeremiah Cole constitute unwelcome sexual harassment.

29.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII and timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

30.    The harassment by Jeremiah Cole is sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

31.    The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

32.    Defendant knew, or should have known, of the harassment.

33.    As a result of Defendant's unlawful harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages;

e.      Pecuniary and non-pecuniary losses;

f.      Punitive damages;

g.      Costs and attorney's fees;

h.      For any other relief this Court deems just and equitable.


## COUNT II – TITLE VII
## NATIONAL ORIGIN


34.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1-25 above, as though fully set forth herein.

35.     Plaintiff is a member of a protected class.

36.     The aforementioned actions by Matthew Dewberry constitute discrimination/harassment based on national origin.

37.     Defendant knew or should have known of the discrimination/harassment against Plaintiff.

38.     The aforementioned actions constitute a hostile environment and discrimination/harassment based on national original, in violation of Title VII of the Civil Rights Act.

39.     The discrimination/harassment by Matthew Dewberry is sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

40. The Defendant's actions were intentional and encouraged in an environment where degradation based on national origin was common and tolerated.

41. As a result of Defendant's unlawful discrimination/harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Punitive damages;

g. Costs and attorney's fees;

h. For any other relief this Court deems just and equitable.

## COUNT III – TITLE VII
## RETALIATION

42. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-25 above, as though fully set forth herein.

43. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII and timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

44. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

45.    The above described acts of retaliation constitute a violation of Title VII, 42, USC Section 2000, et seq.

46.    As a result of Plaintiff's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages;

e.    Pecuniary and non-pecuniary losses;

f.    Punitive damages;

g.    Costs and attorney's fees;

h.    For any other relief this Court deems just and equitable.

## COUNT IV – FLORIDA CIVIL RIGHTS ACT
## SEXUAL HARASSMENT

47.    Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-25 above, as though fully set forth herein.

48.    Plaintiff is a member of a protected class.

49.    The aforementioned actions by Jeremiah Cole constitute unwelcome sexual harassment.

50.    Defendant knew, or should have known, of the harassment.

51.    The harassment by Jeremiah Cole is sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

52.    The aforementioned actions constitute a hostile environment and discrimination/harassment based on sex, in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes.

53.    The sexual harassment and conduct of Jeremiah Cole creates a hostile work environment which interfered with Plaintiff's ability to perform her job.

54.    The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

55.    As a result of Defendant's unlawful discrimination/harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages;

e.    Pecuniary and non-pecuniary losses;

f.    Punitive damages;

g.    Costs and attorney's fees;

h.    For any other relief this Court deems just and equitable.

## COUNT V – FLORIDA CIVIL RIGHTS ACTION
## NATIONAL ORIGIN

56.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1-25 above as though fully set forth herein.

57. Plaintiff is a member of a protected class.

58. The aforementioned actions by Matthew Dewberry constitute discrimination/harassment based on national origin.

59. The discrimination/harassment by Matthew Dewberry is sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

60. Defendant knew or should have known of the discrimination/harassment of Plaintiff.

61. The aforementioned actions constitute a hostile environment and discrimination/harassment based on national original, in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes.

62. The discrimination/harassment by Matthew Dewberry created a hostile work environment which interfered with Plaintiff's ability to perform her job.

63. The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

64. As a result of Defendant's unlawful discrimination/harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages;

e. Pecuniary and non-pecuniary losses;

f. Punitive damages;

g.      Costs and attorney's fees;

h.      For any other relief this Court deems just and equitable.

## COUNT VI – FLORIDA CIVIL RIGHTS ACT
## RETALIATION

65.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1-25 above as though fully set forth herein.

66.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act and timely filing a Charge of Discrimination with the Florida Human Relations and the Equal Employment Opportunity Commission.

67.    In retaliation for engaged in protected activity, Plaintiff suffered an adverse employment action.

68.    The aforementioned actions by Defendant constitute retaliation in violation of Chapter 760, Florida Statutes.

69.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages;

e.      Pecuniary and non-pecuniary losses;

f.      Punitive damages;

g.    Costs and attorney's fees;

h.    For any other relief this Court deems just and equitable.

70.    Plaintiff requests a jury trial for all issues so triable.

Dated:  _12/10/13_

TUCKER & LUDIN, P.A.

WILLIAM C. DEMAS, ESQUIRE
Florida Bar #0142920
JOHN V. TUCKER, ESQUIRE
Florida Bar #0899917
Feather Sound Corporate Center II
13577 Feather Sound Drive;
Suite 300
Clearwater, FL 33762
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
demas@tuckerludin.com
Attorney for Plaintiff

EEOC Form 5 (9/01)

## CHARGE OF DISCRIMINATION

Charge Presented To: Agency(ies) Charge No(s):

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

FEPA

X EEOC 511-2013-01623

Florida Commission on Human Relations _____ and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Angelica Romero | 813-399-6746 | 12/07/93 |

| Street Address | City, State and ZIP Code |
|---|---|
| 19135 US Highway 19 N. (G-33) | Clearwater, FL 33764 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Quality Resources, Inc. | 100+ | (727) 669-2242 |

| Street Address | City, State and ZIP Code |
|---|---|
| 19321C US Highway 19 N. (Ste 200) | Clearwater, FL 33764 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

__ RACE __ COLOR x SEX __ RELIGION x NATIONAL ORIGIN

__ RETALIATION __ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest

8/6/2012              2/28/2013
__ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I: PERSONAL HARM: I was employed as a customer service representative at Quality Resources, Inc. since 8/6/12. As a Spanish speaking representative I was asked to audit phone calls to ensure those handling Spanish speaking clients are able to communicate with them properly. After auditing a call by co-worker Matthew Dewberry I found errors in his Spanish and reported those as instructed. On or around January 15, 2013, Mr. Dewberry passed by and said "There are Spanish calls on hold for the Mexican." This was heard by Michelle Simmons the day shift supervisor who told Mr. Dewberry to "be nice". I emailed and met with Kraig Allen, Director of HR, to report this comment. He indicated he would speak with Mr. Dewberry and Ms. Simmons. Later that day I overheard Mr. Dewberry referring to me as "the stupid Spic that told Michelle I can't speak Spanish." I again complained to Mr. Allen and nothing was done. On or around January 28, 2013, a night supervisor, Jeremiah Cole, began asking me personal questions and placing his hands on my shoulders. He made inappropriate comments such as "while I was in the Army, one of the guys told me he liked his wife to sit on his face while they had sex" and other comments that were sexual in nature. I complained to supervisor, Ms. Simmons, and requested to be moved away from Mr. Cole. Later in February, Mr. Cole told a coworker that "Angelica likes to flirt with all the guys, she gets around and she's a slut." I complained again and at no time were any of my complaints concerning these behaviors dealt with. After repeated requests to Ms. Simmons to move my seat away from Mr. Cole, she agreed however she informed Mr. Cole why I wanted to be moved. Mr. Cole, who was still my night supervisor, retaliated by refusing to help me with my work or answer work questions and stating as a reason "well since you wanted to move away from me." On February 25, 2013, Mr. Cole sent me home and suspended me for three days for causing a "disruption" that I was not the cause of. The disruption was when Mr. Cole and another employee Cory Mix got into a heated argument. I overheard Mr. Cole call Mr. Mix, who is African-American, a "nigger" several times during the altercation. When I called in to HR on February 26, 2013, I was told I was terminated. I believe I was terminated in retaliation for complaining about sexual harassment and ethnic slurs.

II:    RESPONDENT'S REASON FOR ADVERSE ACTION:   Respondent's reason for terminating me for an alleged infraction was pretextual.

III:   STATEMENT OF DISCRIMINATION:
I believe I was discriminated against as a result of sexual harassment, and retaliated against for opposing the unlawful behavior in violation of Title VII of the Civil Rights Act of 1964 as amended, and Florida Statutes Chapter 760.

| ___I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4/5/13   X _____ <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

ELIZABETH R SCHWARTZ
MY COMMISSION # EE 053939
EXPIRES January 20, 2016
(407) 398-0153   FloridaNotaryService.com

Exhibit A

EEOC Form 161-B (11/09)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Angelica Romero
19135 Us Highway 19 N. (G-33)
Clearwater, FL 33764

From:  Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2013-01623 | Omayra Rodriguez, Investigator | (813) 202-7957 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Georgia M. Marchbanks*          2 8 OCT 2013

**Georgia M. Marchbanks,**
**Director**          *(Date Mailed)*

Enclosures(s)

cc:  **Respondent Representative**
Heath Grayson, Esq.
*QUALITY RESOURCES*
57 West Orchard Road
Chappaqua, NY 10514

**Charging Party Representative**
William C. Demas, Esq.
TUCKER LUDIN ATTORNEYS
13577 Feather Sound Drive, Suite 300
Clearwater, FL 33762



Exhibit B